IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:06-CV-106 WDO |
| VS. | * | § 3582(c)(2) Motion |
| | | CASE NO. 5:91-CR-10 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ORDER DENYING COA

Petitioner Hankerson was convicted on December 11, 1992, of Conspiracy to Possess With Intent to Distribute Cocaine Base By Employing a Person Under Age 18, in violation 21 U.S.C. § 846 in connection with 21 U.S.C. § 845(b) [now 21 U.S.C. § 861], as charged in Count 1 of a Second Superseding Indictment returned in this court on October 31, 1991. (Document-60). Petitioner was also convicted in Counts 2, 3, and 5 of the Indictment, for Aiding and Abetting To Possess With Intent to Distribute Cocaine Base in violation of 18 U.S.C. § 841(a)(1) i/c/w 18 U.S.C. § 2, Aiding and Abetting in the Use of a Firearm In Relation to a Drug Trafficking Crime in violation of 21 U.S.C. § 924(c) and 18 U.S.C. § 2, and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), respectively. On April 16, 1992, Petitioner Hankerson was sentenced to life without parole and a consecutive 5 year term for the Count Three offense. (Document- 92).

In his present MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2), Petitioner Hankerson relies upon U.S. Sentencing Guideline Amendment 591,

which he correctly identifies as having been made retroactively applicable under U.S.S.G. § 1B1.10(c).  However, Amendment 591 does not apply to Petitioner's situation.

### Conclusions of Fact and Law

U.S. Sentencing Guideline Amendment 591, effective November 1, 2000, provides:

> Section 1B1.1 is amended by striking subsection (a) in its entirety and inserting:
> "(a) Determine pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. *See* § 1B1.2."

Subsequent to Petitioner's convictions, but prior to sentencing, the court ordered that a Pre-Sentence Investigation (PSI) be prepared for sentencing under the U.S. Sentencing Guidelines in force and effect in 1992.  Through the PSI, the District Court did correctly determine the applicable guideline for the offense of conviction under Count 1 of Petitioner's Indictment, pursuant to U.S.S.G. § 1B1.1(a) and 1B1.2(a), in ¶ ¶ **26 -28.**

After making the designated calculations for all of the controlled substances involved, the District Court, through the PSI at ¶ ¶ 28 and 31, found that the base offense level was 34, and added the one point specified under U.S.S.G. § 2D1.2(a)(2), for a Total Offense Level of 35.  **However, this calculation was not used**, inasmuch as the court found, pursuant to U.S.S.G. § 4B1.1, that Petitioner Hankerson qualified as a **career offender under  § 4B1.1(A) (**now 4B1.1(b) provided that "in every case that career offender's criminal history category shall be VI, and since the offense statutory maximum penalty for Count 1 is life, the offense level is 37.  *See* PSI, ¶ 61.   Therefore, Petitioner Hankerson's sentence **was not determined** by U.S.S.G. § 2D1.2, but by § 4B1.1 (now 4B1.1(b), **to which Amendment 591**

**has no application**. See *Historical Note* to U.S.S.G. § 4B1.1.  Amended 591 is not included in the *Historical Note,* and no reference is made to § 4B1.1 in Amendment 591.

Under the AEDPA, a petitioner must obtain a COA before he can appeal the denial of a § 2255 Motion.  *See* 28 U.S.C. § 2253(c)(1)(B).  The COA must indicate specific issues for which the appellant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* 28 U.S.C. § 2253(c)(3).  Petitioner Hankerson has failed to do so.

WHEREFORE, Petitioner's Motion for Certificate of Appealability is hereby DENIED.

SO ORDERED this 8th day of June 2006.

S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

3