IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TROY LEE BROWN,  *

    Petitioner,  *

                                                     CASE NO. 5:05-CV-397 WDO

VS.  *                § 3582(c)(2) Motion

                                                   CASE NO. 5:91-CR-10 WDO

UNITED STATES OF AMERICA,  *

    Respondent.  *

## **ORDER DENYING COA**

Before the Court is Petitioner Brown's Motion for Certificate of Appealability, from this Court's Order of April 18, 2006, (Document- 225) denying his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Document- 212).

The record reveals that Petitioner Brown was indicted in this court on February 14, 1991 and charged in Count I of the Indictment with Conspiracy to Possess With Intent to Distribute Cocaine Base, in Count II with Aiding and Abetting the Possession of Cocaine Base With Intent to Distribute, and in Count Three with Possession of a Firearm During a Drug Trafficking Offense. (Documents-1,16, 60). Petitioner Brown was convicted by jury verdicts returned on April 16, 1992 (Document-86), and was sentenced to a life term of imprisonment plus five (5) years consecutive to serve. (Document-95). Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals which affirmed the same on January 20, 1994. (Document-105). On October 12, 2005, Petitioner filed a "Request For Relief From Judgment and Correction Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure."(Document- 212), which the court treated as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Document-

212). This court found that he had violated the *Gonzalez* ruling inasmuch as he was seeking substantive relief regarding his sentence, and that his Motion could not be distinguished from a second or successive § 2255 Motion, and "should be treated accordingly." *See, Gonzalez v. Crosby,* --- U.S.---, 125 S.Ct. 2641, 2647 (2005). Petitioner Brown had not obtained authorization from the Court of Appeals to proceed with this motion.

A Report and Recommendation that Petitioner's Motion be denied as being successive was filed on March 31, 2006. (Document- 221). Petitioner was informed of his right to file objections to the Recommendation, to be filed no later than April 20, 2006. Petitioner thereafter filed objections on April 13, 2006. (Document- 224). On April 18, 2006, the District Judge adopted the Report and Recommendation. (Document- 225).

Under the AEDPA, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). The COA must indicate specific issues for which the appellant "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2),(3). "The entire point of § 2253's COA requirement is to eliminate those appeals that have little or no merit, thereby preserving judicial resources. *See Miller-El v. Cockrell,* 537 U.S. 322, 337, 123 S.Ct. 1029, 1040 (2003) ("By enacting [the AEDPA COA requirement] . . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not.")." *Thomas v. Crosby,* 371 F.3d 782, 785 (11th Cir. 2004).

Petitioner Browns' latest § 2255 Motion was denied as being successive pursuant to the holding in *Gonzales.* A review of his application seeking a Certificate of Appealability

reveals that Petitioner Brown has made no substantial showing of the denial of any constitutional right under section 2253(c), or that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Petitioner Browns' Application  For Certificate of Appealability is, therefore, DENIED.

**SO ORDERED,** this 13th day of June 2006.

S/
**WILBUR D. OWENS, JUDGE**
**UNITED STATES DISTRICT COURT**